**SO ORDERED**

**SIGNED this 1 day of December, 2022.**

_____
Pamela W. McAfee
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| WILLIAMS LAND CLEARING, GRADING, ) | Case No. 22-02094 |
| AND TIMBER LOGGER, LLC ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

## CONSENT ORDER PROVIDING ADEQUATE PROTECTION AND GRANTING RELIEF FROM STAY WITH RESPECT TO 2017 KENWORTH T800 TRACTOR

THIS MATTER came before the Court to consider the Motion by TLG Financial for Relief from the Automatic Stay of 11 U.S.C. § 362(a), or, in the Alternative, for Adequate Protection [DOC# 189] (the "Stay Motion") filed by TLG Financial ("TLG") on November 2, 2022, and it appearing that TLG and the Debtor have agreed to the terms outlined herein, the Court finds and concludes as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on September 15, 2022.

2. This Court has jurisdiction over this matter pursuant to 11 U.S.C. § 362 and 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

3. On or about November 29, 2021, TLG loaned the Debtor the principal sum of $100,799.00. In order to evidence its obligation to repay the loan amount, plus interest, to TLG, the Debtor executed and delivered a Security Agreement (the "First Security Agreement") to TLG. Pursuant to the terms of the First Security Agreement, the Debtor not only promised to repay the loan amount to TLG, but also granted TLG a security interest in a 2017 Kenworth T800 tractor, VIN# 1XKDDP0X1HJ158448 (the "2017 Kenworth"). TLG duly perfected its security interest in the 2017 Kenworth by noting its lien on the North Carolina Certificate of Title for such vehicle.

4. On or about November 19, 2021, TLG loaned the Debtor the principal sum of $195,749.00. In order to evidence its obligation to repay the loan amount, plus interest, to TLG, the Debtor executed and delivered a Security Agreement (the "Second Security Agreement") to TLG. Pursuant to the terms of the Second Security Agreement, the Debtor not only promised to repay the loan amount to TLG, but also granted TLG a security interest in a 2020 Peterbilt 567 tractor, VIN# 1NPCLPEX6LD631232 (the "2020 Peterbilt"). TLG duly perfected its security interest in the 2020 Peterbilt by noting its lien on the North Carolina Certificate of Title for such vehicle.

5. On or about August 31, 2021, TLG loaned the Debtor the principal sum of $192,799.00. In order to evidence its obligation to repay the loan amount, plus interest, to TLG, the Debtor executed and delivered a Security Agreement (the "Third Security Agreement") to TLG. Pursuant to the terms of the Third Security Agreement, the Debtor not only promised to repay the loan amount, but also granted TLG a security interest in a 2022 Peterbilt 567 tractor, VIN# 1XPCP4EX6ND802217 (the "2022 Peterbilt"). TLG duly perfected its security interest in the 2022 Peterbilt by noting its lien on the North Carolina Certificate of Title for such vehicle.

6. As of the bankruptcy petition date, the amount of $82,442.80 was due and owing under the terms of the First Security Agreement; the amount of $165,739.47 was due and owing under the terms of the Second Security Agreement, and the amount of $164,495.00 was due and owing under the terms of the Third Security Agreement.

7. The Debtor continues to use 2020 Peterbilt, and the 2022 Peterbilt in its business operations and such equipment is necessary for an effective reorganization by the Debtor. With respect to such equipment collateral, the Debtor has agreed to pay TLG monthly adequate protection payments of $3,850.00 on the 15th day of each month beginning December 15, 2022.

8. As to the 2017 Kenworth, the Debtor is no longer utilizing that piece of equipment in its business operations and agrees that the automatic stay can be lifted as to that piece of equipment so as to allow TLG to repossess and sell the same.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Beginning on December 15, 2022, and continuing on the 15th day of each month thereafter until the effective date of the Debtor's confirmed plan of reorganization, the Debtor shall pay to TLG the amount of $3,850.00 as adequate protection of its interest in the 2020 Peterbilt and the 2022 Peterbilt. Should the Debtor fail to pay any such adequate protection payments within fifteen (15) of the due date thereof, then the automatic stay of 11 U.S.C. § 362(a) is immediately modified and lifted, without further Order of this Court, to permit TLG to repossess and sell the 2020 Peterbilt and the 2022 Peterbilt.

2. The Debtor shall at all times retain exclusive possession and control of the 2020 Peterbilt and the 2022 Peterbilt. Such equipment collateral shall not be loaned,

leased or rented to any insiders or third-party individuals and/or entities without prior approval of this Court and/or TLG for so long as this Consent Order remains in effect.

       3.       The Debtor shall at all times keep the 2020 Peterbilt and the 2022 Peterbilt fully and properly insured with TLG listed as loss payee.

       4.       The automatic stay of 11 U.S.C. § 362(a) is modified and lifted to permit TLG to repossess and sell the 2017 Kenworth. The Debtor shall cooperate with TLG with respect to the delivery and turnover of possession of the 2017 Kenworth to TLG. TLG may apply any net sale proceeds to the outstanding balance owing under the First Security Agreement. If any net proceeds remain after such claim is satisfied in full, such remaining proceeds may be applied to the balances owed under the Second Security Agreement or Third Security Agreement in accordance with the cross-collateralization provisions of those Agreements.

       5.       The ultimate treatment of TLG's claims relative to the 2020 Peterbilt and the 2022 Peterbilt is hereby reserved and will be dealt with in the Debtor's plan of reorganization.

       6.       The provisions of Federal Rule of Bankruptcy Procedure 4001(a)(3) shall not apply to this Consent Order.

**Consented To:**

/s/ Daniel C. Bruton
Daniel C. Bruton
NC Bar No. 22440
Attorney for TLG Financial
Bell Davis & Pitt, PA
PO Box 21029
Winston-Salem, NC 27120-1029
Telephone: 336-722-3700
Email  dbruton@Abelldavispitt.com

/s/ Kathleen O'Malley
Kathleen O'Malley
NC Bar No. 51654
Attorney for Debtor
Stevens Martin Vaughn & Tadych, PLLC
6300 Creedmoor Road, Suite 170-370
Raleigh, NC 27612
Telephone: 919-582-2323
Email:  komalley@smvt.com

**END OF DOCUMENT**